UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHERYL L. FORBES,

        Plaintiff,

    v.                                      Civil No. 05-1686-HA
                                            ORDER

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

HAGGERTY, Chief Judge:

        Plaintiff brings this action pursuant to § 405(g) of the Social Security Act, as amended, 42 U.S.C. §§ 405(g), 1383(c)(3), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) that denied her application for disability insurance benefits (DIB). Plaintiff seeks Judgment either in the form of a finding that plaintiff is entitled to

1- ORDER

the benefits she seeks, or an Order of Remand returning this action to the SSA for further consideration.

The Commissioner contends that the Commissioner's final decision is supported by substantial evidence and is free of legal error. This matter has been taken under advisement. After reviewing the record of this case fully, this court concludes that the Commissioner's decision must be remanded for further proceedings.

## **BACKGROUND**

In light of the posture of this litigation, only a brief summary of the administrative history is necessary. Plaintiff filed her application for the DIB at issue on March 28, 2003. There is no dispute that she qualified for DBI up to and including December 31, 2003.

Her application alleged disability commencing in April 1999, stemming from osteoarthritis in her joints, atrophy, cervical disc disease, tibialis in both feet, and a lateral meniscus tear and degenerative joint disease of the knees. Tr. 26, 63-65.[1] This claim was denied initially and upon reconsideration. Tr. 5-7, 23-25. An Administrative Law Judge (ALJ) conducted a hearing reviewing this denial on March 1, 2005. Tr. 281-320.

On March 22, 2005, the ALJ issued a decision concluding that plaintiff was ineligible for DIB because she had the residual functional capacity (RFC) to perform a reduced range of light work, and because there are significant numbers of jobs in the national economy that she could perform. Tr. 26-32.

---

[1] Citations beginning with "Tr." refer to pages in the official transcript of the administrative record filed with the Commissioner's Answer.

Plaintiff sought review of this decision and submitted additional evidence to the Appeals Council. The Council concluded that plaintiff's new information failed to provide a basis for changing the ALJ's decision, and declined further review. Plaintiff's request for review was denied on October 22, 2005. Tr. 5-9. This rendered the ALJ's ruling the Commissioner's final decision. *See* 20 C.F.R. §§ 404.981, 422.210. Plaintiff subsequently commenced this action.

## STANDARDS

The Commissioner engages in a sequential process encompassing between one and five steps in determining disability under the meaning of the Act. Each step is potentially dispositive. 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

At step one, the ALJ determines whether the claimant is performing substantial gainful activity (SGA). If claimant is performing SGA, the claimant is not disabled. 20 C.F.R. §§ 404.1520(4)(I), 404.1520(b), 404.1571, 404.1574(a). If the ALJ so finds, the ALJ proceeds no further. *Yuckert*, 482 U.S. at 140.

If the claimant is not performing SGA, the ALJ proceeds to step two, at which the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the twelve-month duration requirement. 20 C.F.R. §§ 404.1509; 404.1520(4)(ii). If the claimant does not have such a severe impairment, he or she is not disabled. *Id.*

At step three, the ALJ determines if the severe impairment meets or equals a "listed" impairment in the regulations. 20 C.F.R. § 404.1520(4)(iii). If the impairment is determined to equal a listed impairment, the claimant is disabled.

If adjudication proceeds beyond step three, the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's RFC. The claimant's RFC is an assessment of work-

related activities the claimant may still perform on a regular and continuing basis, despite limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), Social Security Ruling (SSR) 96-8p. The ALJ uses this information to determine (at step four) if the claimant can perform his or her past relevant work at step four, or (at step five) perform work in the national economy.

As noted, if proceedings reach step five, the Commissioner must determine if the claimant is capable of performing work existing in the national economy. *Yuckert*, 482 U.S. at 141-42; *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); 20 C.F.R. 404.1520(a)(4)(v).

The initial burden of establishing disability rests upon the claimant. *Tackett*, 180 F.3d at 1098. However, if the process reaches step five, the burden shifts to the Commissioner to show that jobs exist in the national economy within the claimant's RFC. *Id.* If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 404.1520(g).

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 USC § 405(g); *Batson v. Comm'r of Social Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted); *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (substantial evidence means more than a mere scintilla but less than a preponderance; such relevant evidence as a reasonable mind might accept as adequate to support a conclusion).

The ALJ is responsible for determining credibility and resolving conflicts and ambiguities in the evidence. *Batson*, 359 F.3d at 1193. The Commissioner, not the reviewing court, must resolve conflicts in the evidence. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998) (citation omitted); *see also Andrews*, 53 F.3d at 1039-40 (Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation).

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098 (quotation and citation omitted). This court must uphold the Commissioner's denial of benefits even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted); *see also Benton*, 331 F.3d at 1035 (the Commissioner's decision must be upheld in instances in which the evidence would support either outcome).

## **ANALYSIS**

At step one the ALJ found that plaintiff had not engaged in SGA since the alleged onset of disability. Tr. 31, Finding 2. Plaintiff does not dispute this finding.

At step two, the ALJ found that plaintiff had severe impairments, including obesity, degenerative disc disease of the cervical spine, degenerative joint disease and meniscus tear of the knees, and tibial tendonitis. Tr. 31, Finding 3. Plaintiff alleges that she had other severe impairments that the ALJ failed to recognize, including leg edema, obesity, osteoarthritic hips, and neuropathy.

At step three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment. Tr. 31, Finding 4. Plaintiff disputes this finding.

At step four, the ALJ found that plaintiff was unable to perform her past relevant work. Tr. 31, Finding 7. Plaintiff does not dispute this finding.

At step five, the ALJ found that plaintiff has the RFC to perform work existing in significant numbers in the national economy, including jobs as a small products assembler, mail clerk, and housekeeper. Tr. 30, 31, Finding 12. Plaintiff disputes this finding.

Plaintiff disputes the ALJ's RFC finding on grounds that the ALJ improperly evaluated the medical evidence pertaining to her disability. In particular, plaintiff asserts that the ALJ rejected evidence without explanation and improperly discredited opinions from her treating doctor. Clear and convincing reasons are required to reject an examining physician's uncontradicted opinion, and an ALJ must provide specific and legitimate reasons, supported by substantial evidence, to reject an examining physician's opinion that is contradicted by another physician. *Andrews*, 53 F.3d at 1041. "Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion as a matter of law." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

Although it is not the focus of plaintiff's brief, the court notes that the ALJ failed to make any findings regarding the opinion of Frederick Mitchell, M.D., an examining physician who treated plaintiff beginning in August 2003. Tr. 188-91. Doctor Mitchell addressed pain and weakness in plaintiff's right shoulder, arm, and hand. Tr. 188-90. Doctor Mitchell found plaintiff's right shoulder was tender to movement and diagnosed cervical degenerative disc disease with neuropathy. Tr. 189-90. Because the ALJ failed to provide adequate reasons for

rejecting Dr. Mitchell's opinion, his opinion must be credited as a matter of law, and this case must be remanded. *Lester*, 81 F.3d at 834.

The United States Supreme Court has recognized two kinds of remands permitted under 42 U.S.C. § 405(g). *See Melkonyan v. Sullivan*, 501 U.S. 89, 101-03 (1991). A court may issue what is referred to as a "sentence four" remand in instances in which the Commissioner has erred in its prior consideration of the claimant's application for benefits. *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995). Under a "sentence six" remand, by contrast, the court may remand without making a determination as to the "correctness of the Secretary's decision." *Id*. (citing *Melkonyan*, 501 U.S. at 100).

Whether to remand under sentence four is a matter of judicial discretion. *Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000). A remand for further proceedings is unnecessary if the record is fully developed and it is clear from the record that the ALJ would be required to award benefits. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). The rule recognizes "the importance of expediting disability claims." *Id*. In cases in which it is evident from the record that benefits should be awarded, remanding for further proceedings would delay effectuating the primary purpose of the Social Security Act, which is to give financial assistance to disabled persons because they cannot sustain themselves. *Id*.

The decision whether to remand for further proceedings turns upon the likely utility of such proceedings. *Harman*, 211 F.3d at 1179. For example, the Ninth Circuit has consistently remanded for further proceedings rather than payment of benefits "where the testimony of the vocational expert has failed to address a claimant's limitations as established by improperly discredited evidence." *Id.* at 1180.

7 - OPINION AND ORDER

In this matter, this court concludes that outstanding issues remain that must be resolved before a determination of disability can be made. Further proceedings will be useful, and this case must be remanded for additional administrative proceedings addressing plaintiff's medical evidence regarding her medical history and possible disability during the relevant period.

Specifically, plaintiff and Commissioner shall develop the record regarding the history and extent of plaintiff's impairments. Upon remand, the ALJ is instructed to obtain updated medical records concerning the onset of plaintiff's disability and shall also provide plaintiff an opportunity to submit additional medical evidence in support of her assertions regarding the proper onset date.

Additionally, the ALJ shall give full consideration to the opinions proffered by Drs. Mitchell, Nilaver, and Kaur-Jayaram. The ALJ and any medical experts who participate in the analysis of the evidence regarding the onset date of plaintiff's disability shall identify, address and evaluate each of the medical opinions and reports presented. The court is confident that this analysis will be conducted in accordance with the guidelines and legal authorities applicable to the consideration of such evidence.

The ALJ shall also reassess plaintiff's RFC. In so doing, the ALJ shall provide appropriate analysis, with specific references to evidence in the record, regarding the Commissioner's assessments of plaintiff's limitations. The ALJ shall obtain evidence from a vocational expert to clarify the effect of the assessed limitations on plaintiff's occupational base.

///

## CONCLUSION

For the reasons provided, this court concludes that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner regarding plaintiff Cheryl F. Forbes' application for DIB must be REVERSED and REMANDED FOR FURTHER PROCEEDINGS consistent with this Opinion and Order and the parameters provided herein.

IT IS SO ORDERED.

DATED this   9   day of January, 2007.


                                        /s/   Ancer L. Haggerty
                                           Ancer L. Haggerty
                                    United States District Judge